UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
)
LORI A. ZARLENGA,                        )
  Plaintiff,                   )
                                         )
  v.                           )  No. 1:25-CV-00692-JJM-AEM
                                         )
CENTRAL INTELLIGENCE                     )
AGENCY, et al                            )
  Defendants.                  )
_____)

## ORDER

Lori A. Zarlenga, a plaintiff not unknown to the Court, has filed a civil action that is accompanied by a Motion to Proceed *In Forma Pauperis* ("IFP"). When such a motion is filed, the Court is required to review the Complaint to determine whether it states a plausible federal claim for relief. If it does not, the Court must deny the motion and dismiss the case. 28 U.S.C. § 1915(e)(2)(B)(ii).

## Description of the Lawsuit

This lawsuit represents Lori. Zarlenga's second telling of a familiar story.[1] In this case, she has sued about 94 named entities/individuals, 1,000 "John Does," 1,000 "Jane Does," and an infinite number of "as yet unknown" persons. The initial named

_____

[1] An earlier Complaint, No. 22-cv-00372-MSM, also sued dozens and dozens of entities and individuals, beginning with the FBI. Many of the same people – including three past Directors of the FBI, three former Presidents, many state judges, and many doctors associated with Rhode Island Hospital's psychiatry division – were sued in that and this case. Ms. Zarlenga accused all Defendants of conspiring to deprive her of her civil rights by "[a]mbushing, targeting, stalking, harassing, wiretapping, hacking Plaintiff's computers and phone, unlawful stops, [and] unlawful search and seizure." (ECF No. 1, at 18 of 101.) The Court dismissed that 2022 Complaint.

defendant is the Central Intelligence Agency ("CIA") of the United States, but it is in the company of such others as the Federal Bureau of Investigation ("FBI"), the United States Department of Justice, the United States itself, all the courts in Rhode Island (except the federal court), Butler [psychiatric] Hospital, Facebook, the states of Rhode Island, Massachusetts, and Connecticut, the cities of Providence, West Warwick, Warwick, and Coventry, the Foxwoods & Mohegan Sun casinos, a slew of state and federal officials past and present (from U.S. Attorney General Pamela Bondi to R.I. State Police Superintendent James Manni and including past Presidents Bush, Obama, and Biden), a bunch of police departments, a large number of individual law enforcement officers, and a long list of doctors apparently associated with medical entities with which she has come into contact. Page 8 of the Complaint begins to name as "additional defendants" (not included in the caption) a number of businesses (such as Best Buy, Gem Plumbing and Heating, Stop & Shop, Doordash, etc.) and a very, very long line of individuals apparently associated with the Nashua Street apartments in Providence.

A problem at the outset is that Lori Zarlenga's mother, Victoria, is apparently deceased and yet has been included as a plaintiff. There is an allegation that Victoria was murdered by doctors, in concert with the FBI/CIA, by toxic prescriptions and overdoses ("Plaintiff's mother, Victoria Ann Zarlenga, was intentionally killed via fatal drug combinations (Bactrim/Warfarin, overdoses) prescribed by doctors at the direction or with the knowledge of FBI/CIA operatives, constituting a political assassination.") ECF No. 1, at 12 § III(4). For obvious reasons Victoria Zarlenga has

not signed the Complaint, nor is there a signature of an authorized representative of her estate.  Lori Zarlenga asserts she is her late mother's "representative," but there is no showing that she is the executor of the estate.  *Americus Mortg. Corp. v. Mark,* 2013 WL 3106018, *14 (D. Mass. June 17, 2013).

The 83-page Complaint does not include a coherent narrative, but the gist of it is a complaint that for 30 years Ms. Zarlenga[2] has been targeted by various agencies of the government, and harassed, surveilled and intimidated by what seems to be every agency and individual with which she has come into contact.   She suggests a giant conspiracy, embracing the many evictions she has endured, hacking of her computer, sabotage of her court cases, environmental assaults (e.g., bed bugs, pesticides), and attempts to assassinate her.

While the bulk of the Complaint is a list of accusations stemming from incidents, some of it describes the conspiracy she believes has been launched against her:

> Plaintiff has been targeted for over 30 years by the FBI and CIA. The origin of this targeting stems from a 1995 lawsuit filed by Plaintiff on October 25, 1995 involving contaminated tryptophan distributed by Showa Denko KK and other defendants.  Plaintiff's case was used to reopen discovery, exposing liability for the FDA and triggering federal retaliation. Plaintiff's support for President Donald Trump during his candidacy and presidency further escalated the targeting. Public statements by former FBI official Phil Mudd on CNN confirm that federal agencies have expressed intent to assassinate President Trump, an American citizen. Plaintiff asserts that the same agencies have deployed assassination protocols against a whistleblower and political target.

---

[2] In the rest of this Order, "Ms. Zarlenga" and "the plaintiff" refers to Lori A. Zarlenga.

(ECF No. 1, at 37).  The first concrete incident alleged is a 2006 kidnapping by Warwick Police, followed by episodic commitment to psychiatric institutions.  She complains of "forced institutionalization."

The factual allegations are specific, but the connection between the activities described and the alleged conspiracy is either omitted or too tenuous to support plausibility.  For example, she points to many times certain vehicles (which she identifies by license plate) allegedly containing CIA operatives were waiting in her vicinity but she does not connect that presumed surveillance to any violation of federal law.  She cites deviations from normal protocols involving inspections at her housing complex as evidence of "covert intent."  An example of such an accusation is: "March 8, 2025 – Forced Entry by Krystle Otero and John Lattieri – Krystle Otero, under false pretense of a 'room check,' placed her foot between Plaintiff's apartment door, preventing closure.  John Lattieri was stationed outside to unlock the building entrance for Providence Police, facilitating a coordinated assassination attempt." *Neither* Krystle Otero nor John Lattieri is named defendant.

## Non-Compliance with Rules of Procedure

The Plaintiff is proceeding *pro se* and is therefore entitled to some leniency from the Court in applying the Federal Rules of Civil Procedure**,** *Haines v. Kerner,* 404 U.S. 519, 520 (1972), but that status does not absolve her from the need to comply with basic procedural requirements.  *F.D.I.C. v. Anchor Properties,* 13 F.3d 27, 31 (1994).  The first of these requirements is that the Complaint be cast as a "short and plain statement" of both the court's jurisdiction and of the claim.  Fed. R. Civ P. 8(a)(1) and

(2).  The Court is generally capable of inferring the basis for jurisdiction if the claim is clear, but if the claim itself is not clear, the Court cannot assess the merits of the lawsuit at all, nor can it determine the plausibility of the claim.  The requirement that the Complaint be short is not simply to avoid killing more trees than necessary:  it is because it is not the Court's role to sift through the Complaint trying to match alleged incidents with defendants or counts.  *Campbell v. Smith,* No. 2:21-cv-01172-KJM-CKD P, 2022 WL 1138272, at *2 (E.D. Cal. April 18, 2022) (not court's role to draft a complaint).  The Court cannot easily discern where there might be a plausible claim for relief.  Because of that, the Court cannot grant the IFP Motion.

<u>Opportunity to Amend</u>

The Court understands ordinarily it should extend an opportunity to amend a Complaint, particularly to a *pro se* litigator.  Indeed, the First Circuit made that clear in Ms. Zarlenga's previous action in this Court.  *Zarlenga v. United States*, No. 22-cv-00372-MSM-PSA, ECF No. 56.  In this case, the Court declines to do so, for the reasons below.

Ms. Zarlenga is not new to federal court litigation.  This is the second time she has been a plaintiff, and she has been a defendant twice.  Her filings indicate a frequent non-compliance with Rules of Procedure and a basic lack of understanding of how federal litigation works or even that it is governed by rules.  For example, she attempted to remove an eviction case and a civil commitment – essentially state court matters – to the federal court:  both were remanded, but not until after she failed to cooperate in transmitting the record, an appeal was taken, and she filed many motions

and exhibits despite the district court's loss of jurisdiction. *Providence Center v. Zarlenga*, No. 25-cv-00126-JJM-PAS. In No. 22-cv-00372-MSM-LDA, she defaulted on an appeal in the Circuit for failure to file a brief. ECF No. 49.

She also appears incapable of complying with the "short and plain statement" rule. In 22-cv-00372-MSM-LDA, after her first 101-page Complaint was found not in compliance with Rule 8(a)'s mandate, she filed a 151-page Complaint that again was neither "short" nor "plain," nor did it state a plausible claim for relief. See Text Order of 12/11/24.

She has filed two motions for "emergency" relief (ECF No. 9, 10) from what she claims is an "ongoing, coordinated attempt by federal agencies—including but not limited to the FBI and CIA—together with Providence Police Department[, t]he Providence Center staff and other local actors, to assassinate me, constituting criminal conspiracy and crimes against humanity." (ECF No. 9). The only fact alleged to support the conspiracy allegation is that a staff member of the Providence Center parked a vehicle outside her apartment and remained sitting in it. (ECF No. 9, at 2.)

> The essential allegation of the Complaint – that there is a vast conspiracy intent on carrying out a nefarious and fantastical scheme of kidnap and assassination – is simply not plausible on its face. And such factual allegations as there are do not support an inference of either a conspiracy or its malicious purpose. The Complaint "is comprised of precisely the type of 'fantastic,' 'delusional,' and 'incredible' allegations that warrant dismissal as factually frivolous. Essentially, Plaintiff's complaint is nothing more than a collection of totally unsubstantiated events compiled by an individual who believes that various things are occurring to her, which simply are illogical and delusional.

*Marshall v. Stengel,* Case No. 3:10CV–159–S, 2010 WL 1930172, at *3 (W. D. Ky. May 12, 2010) (dismissing for failure to state a plausible claim).

Ms. Zarlenga may believe she is the target of hugely powerful people and institutions, but her allegations are factually frivolous. District judges are "all too familiar" with "claims describing fantastic or delusional scenarios." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (factually frivolous Complaints may be dismissed under 28 U.S.C. § 1915(d)). The allegation of conspiracy here is more than improbable: it is irrational and incredible. *Id.* The Court finds that Ms. Zarlenga's Complaint is fantastical and frivolous. A frivolous case may be dismissed without an opportunity to amend. *Forte v. Sullivan,* 935 F.2d 1, 3 (1st Cir. 1991).

In addition, leave to amend should be granted when the defects in a Complaint are fixable. The Court does not believe, based on Ms. Zarlenga's previous filings in her several cases, that this Complaint can be fixed because it is predicated on what appears to be a delusion. And based on Ms. Zarlenga's unsuccessful prior attempts to file a claim that is "short and plain," the Court does not believe there is any realistic possibility that she could do so here.

Thus, the case is DISMISSED under 28 U.S.C. § 1915(e)(2)(b)(i) and the Motion to Proceed *In Forma Pauperis* is DENIED as moot, and all pending motions and denied as moot.

SO ORDERED:

*s/John J. McConnell, Jr.*

_____

John J. McConnell, Jr.,
Chief Judge
District Court
January 14, 2026